UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MARK VAN DEN HEUVEL,<br><br>Plaintiff,<br><br>v.<br><br>WARREN C. STRANCENER, et al.,<br><br>Defendants. | No. 2:23-cv-0278 DB P<br><br><br><br>ORDER |

Plaintiff is a former[1] county inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint is before the court for screening. For the reasons set forth below, the undersigned will direct plaintiff to submit an in forma pauperis ("IFP") application and dismiss the complaint with leave to amend.

**IN FORMA PAUPERIS**

Plaintiff filed a motion to proceed IFP concurrently with the complaint. (ECF No. 2.) However, he did not submit his IFP request on the proper form. Additionally, as previously stated, it appears that plaintiff has been released from custody. If plaintiff still wishes to proceed IFP, he must submit an updated application under § 1915(a)(1). See DeBlasio v. Gilmore, 315

---

[1] At the time plaintiff filed the complaint he was in the custody of El Dorado County (See ECF No. 1-1 at 1.) However, a notice of change of address filed in Van den Heuvel v. Clark, 2:23-cv-0708 KJM DMC (E.D. Cal.) on June 30, 2023, indicates that plaintiff has been released from custody.

1

1  F.3d 396, 398 (4th Cir. 2003); Adler v. Gonzalez, No. 1:11-cv-1915-LJO-MJS (PC), 2015 WL

2  4041772, at *2 (E.D. Cal. July 1, 2015), report and reco. adopted, 2015 WL 4668668 (E.D. Cal.

3  Aug. 6, 2015).  If plaintiff does not submit a properly completed IFP application or pay the filing

4  fee, he may face a recommendation that this action be dismissed.

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

The allegations in the complaint are difficult to discern. Plaintiff references the concept of actual innocence and miscarriage of justice. (ECF No. 1 at 2.) Based on exhibits attached to the complaint, it appears that plaintiff's claim in this action may seek to challenge state court proceedings. Some of which appear to stem from a 2017 wrongful eviction action plaintiff pursued in the El Dorado Superior Court. (See ECF No. 1 at 24-27.)

Plaintiff seeks $30,000 per day for the district attorneys office to not take actions to re-embece [sic] verified stated massive monetary costs interest injuries[.]" (Id. at 4.)

3

### III. The Complaint Fails to State a Claim

The allegations are not sufficient to state a claim because plaintiff has not alleged facts explaining how the named defendants violated his rights. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988; Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987). If plaintiff chooses to file an amended complaint, it must contain "a short and plain statement" explaining how each named defendant violated plaintiff's rights. Fed. R. Civ. P. 8(a); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) ("Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.").

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

In addition to the completed complaint form, plaintiff has also included over one hundred and fifty pages of exhibits. (ECF No. 1 at 6-156.) Plaintiff is advised that the court is not required to review exhibits to determine what plaintiff's allegations are as to each named defendant. Gardner v. Brown, No. 2:18-cv-0741 MCE DB P, 2019 WL 2370266, at *1 (E.D. Cal. June 15, 2019); Rio-Sosa v. Foulk, 2:14-cv-0727 DB P, 2017 WL 3720083, at *3 (E.d. Cal. Aug. 29, 2017). The pleadings of pro se prisoners are construed liberally and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319,

330 n.9 (1989). A "liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)), and courts are not required to indulge unwarranted inferences, Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Additionally, it appears that many of the named defendants appear to be judges and deputy district attorneys. (ECF No. 1 at 17, 19, 30, 40, 47, 49, 63, 73, 75, 90.) Plaintiff is advised that such individuals are likely immune from suit. See Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) ("Judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts."); Boram v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)) ("A state prosecutor is entitled to absolute immunity from liability under § 1983 for violating a person's federal constitutional rights when he or she engages in activities 'intimately associated with the judicial phase of the criminal process.'"). To the extent plaintiff's claims are based upon official actions of prosecutors and judges he is advised that those individuals are immune from suit.

Finally, if plaintiff seeks monetary damages for violation of his rights based on state court convictions, he is advised that such claim may be barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).[2]

## AMENDING THE COMPLAINT

For the reasons set forth above, the complaint fails to state a claim and will be dismissed. However, plaintiff will have the option to file an amended complaint. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff

---

[2] In Heck, the Supreme Court held that a plaintiff cannot maintain a § 1983 action to recover damages for "harm caused by actions whose unlawfulness would render [his] conviction invalid" when his conviction and sentence have not previously been reversed, expunged, declared invalid, or called into questions upon issuance of a writ of habeas corpus by a federal court.

is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action. If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED as follows:

1. Within 30 days of the date of service of this order, plaintiff shall either

    a. Submit an updated application to proceed IFP in accordance with 28 U.S.C. 1915(a)(1); or

    b. Pay the $402 filing fee in full.

2. Failure to submit an updated application or pay the filing fee will result in a recommendation that this action be dismissed without prejudice for failure to prosecute and failure to obey a court order.

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  July 26, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/vand0278.scrn+ifp